Ahern v. Collins.

———◦◦◦◦———

JEREMIAH AHERN, Respondent, v. JOHN COLLINS, Appellant.

1. *Pleading—Petition.*—A petition stating such facts as show a right of recovery in the plaintiff will be sufficient, although the facts are not so stated as to show a right of recovery in any of the common-law forms of action.

2. *Action—Trespass—False Imprisonment—Malicious Prosecution.*—An action for a malicious arrest is an action to recover damages for the malicious

abuse of the civil process of arrest; a suit for malicious prosecution is an action for the malicious abuse of the criminal process ; but a party who has been arrested by the police at the request of another without any complaint preferred, may maintain an action for false imprisonment, when no action could be sustained for a malicious arrest or malicious prosecution. To constitute false imprisonment it is not necessary that manual force should be actually employed ; it is sufficient if the party against his will yield to force threatened.

*Appeal from St. Louis Court of Common Pleas.*

The petition alleges that on the 27th day of September, 1864, the defendant unlawfully, maliciously and without probable cause, and with the intent to injure and oppress plaintiff, did cause and procure plaintiff to be arrested at his residence in the city of St. Louis, and thence to be forcibly conveyed through the public streets of the city of St. Louis a long distance to a police station, and there unlawfully, maliciously and without probable cause did cause plaintiff to be detained a long time, when plaintiff was fully discharged without trial or examination, whereby plaintiff suffered great bodily pain and mental anguish, and sustained damage in the sum of one thousand dollars, &c.

The answer simply put in issue the allegations contained in the petition.

At the request of plaintiff the court gave the following instructions :

1. If the jury believe from the evidence that the arrest of plaintiff was made without reasonable or probable cause, then the law presumes, in the absence of testimony establishing the contrary, that such arrest was made with malice.

2. If the jury is satisfied that the defendant caused plaintiff to be arrested at his residence in the city of St. Louis, and caused him to be conveyed thence by police officers and he was then discharged, and that such arrest was made without reasonable or probable cause and maliciously, then the jury will find for plaintiff in such sum as they believe he ought to recover.

3. If the jury find for the plaintiff, in estimating the dam-

ages sustained by him they are bound by law to consider the jeopardy in which the liberty of plaintiff was placed; the distance that plaintiff was compelled to walk; his age and physical condition at the time of his arrest; the bodily suffering, mental anxiety and pain caused thereby,—and they are to find for him in such sum as will reasonably compensate him for all these things.

Defendant asked the following instruction, which was given:

If the jury believe that the plaintiff was arrested at the instance of defendant, unless they also believe that said arrest was caused by the defendant maliciously, and that said arrest and the complaint or application to have it made were without probable cause on the part of defendant, they ought to find for the defendant.

The defendant also asked the following instructions, which were refused:

1. Unless the jury believe from the evidence that an arrest has been made of the defendant at the instance of plaintiff they will find for the defendant, and the proof of an arrest cannot be made by oral evidence unless the jury shall be of the opinion that it was made during the commission of an offence.

2. The jury are instructed that in that case there is no evidence of a want of probable cause for the apprehension, and they will find for the defendant.

3. Unless the jury believe than an arrest was made upon a complaint and affidavit by the defendant, upon which a warrant or other process issued, they will find for the defendant.

*Isaac T. Wise,* for appellant.

I. In this case the plaintiff has mistaken the nature of his cause of action (if he has any at all), and on the pleadings alone ought to be reversed.

The first allegation in an action for malicious arrest must

be, 1. That plaintiff has been prosecuted by defendant. 2. That the prosecution has been dismissed, or an acquittal of plaintiff in that prosecution. This the plaintiff must aver and prove; yet he could not have done so on his petition if his evidence had been at hand—2 Stark. Ev. 497; 1 Greenl. §§ 449 & 452.

The petition shows the nature of the action, not the evidence, and a fatal defect such as no cause of action made out in the petition is not cured by verdict—Patrick v. Abeles, 27 Mo. 184; Welch v. Byrnes, 28 Mo. 30; Mooney v. Kennett, 19 Mo. 553.

II. If the petition had stated the cause of action perfectly upon issues joined, the next indispensable step on the part of the plaintiff would have been to prove, 1st, a prosecution; 2d, an acquittal, or at least that the prosecution had ended. "The gravamen of the action being that plaintiff has been made the subject of legal process to his damage" (Greenl. & Stark. as above); in proof of which it appears that this is the first action of this nature ever had in this court not so based upon a prosecution or legal process instituted by defendant, the evidence shows nothing—Hays v. Walker, 2 Mo. 222; Miller v. Brown, 3 Mo. 127; Stone v. Powell, 5 Mo. 435; Hickman v. Griffin, 6 Mo. 37; Williams v. Vanmeter, 8 Mo. 339; Remy v. Vanlandigham, 9 Mo. 807; Frissel v. Relf, 9 Mo. 849; Brant v. Higgins, 10 Mo. 728; Mooney v. Kennett, 19 Mo. 551.

III. The evidence of the plaintiff shows affirmatively that there never was any prosecution or legal process or proceedings of any kind whatever, so no question can arise as to whether he was "maliciously or without probable cause" made the subject of legal process by the defendant—Buckley v. Smith, 2 Duer, 268, and cases cited; Baldwin v. Weed, 17 Wend. 227; Swan v. Stafford, 4 Wash. C. C. 79; Davis v. Hanly, 6 B. & C. 225.

IV. There was no arrest—there being neither warrant issued nor any complaint made, not even after the plaintiff came to the station with Reilly and another. An arrest is

defined to be " the beginning of imprisonment when a man is first restrained of his liberty by the power of a lawful warrant"—1 Burr. L. D. ; 4 Com. Dig. 250 ; Bouv. L. D. 130 ; 1 Jac. L. D. 125.

V. If the plaintiff had proceeded with his proof and had proved the prosecution, its institution by the defendant, and the acquittal or dismissal, his next step would have been to prove " its institution without probable cause, malice," &c. But in this case no prosecution ever existed—Greenl. on Ev. § 453.

VI. The policeman Reilly and the other had no power to make an arrest.   Even if they had laid hands on Ahern, it would have been a trespass on the person, an assault, or an imprisonment, or both, for which they would have been liable.   A threat of an assault does not make one, nor is a threat of arrest (the officer having no warrant) even duress. —Claflin et al. v. McDonough, 33 Mo. 412.

*Wood* and *Mauro*, for respondent.

FAGG, Judge, delivered the opinion of the court.

In order that the view taken of this case may be clearly understood, it will be necessary first to notice the petition. It has been argued here upon the theory that it was drawn with the intention of setting out a cause of action altogether similar to what under the common law system of practice would have been called an action for malicious arrest or malicious prosecution.   The same idea seems to have been entertained in the trial of the cause in the court below.   After averring the fact that the defendant wrongfully and maliciously procured plaintiff to be arrested by the police officers in the city of St. Louis, it says, " and thence to be forcibly conveyed by them through the public streets of the city of St. Louis a long distance, to-wit, the distance of one mile and over, to a certain police station, and unlawfully, maliciously and without any probable cause illegally did cause plaintiff

to be detained a long space of time, to-wit, for half an hour, when plaintiff was fully discharged without trial or legal examination," &c.; " wherefore he claims damage," &c. The true object is to ascertain, not whether this averment would bring it within any one of the different forms of action as they existed at common law, because the use of them has been entirely superseded by our own statutes, but as to whether it contains a sufficient statement of facts showing a right upon the part of plaintiff to recover.

Malicious arrest ought not to be confounded with malicious prosecution. It is true that the mode of proceeding for both, previous to the change of practice in this State, would have been by an action on the case, and it is likewise true that malice and want of probable cause are necessary ingredients of both; but the word "arrest" more properly applies to the taking of a party into custody under civil process, and the action for malicious arrest was instituted only where the plaintiff had been maliciously and without probable cause taken into custody for debt, or where there was a malicious holding of a party to bail. The essential ground of an action for malicious prosecution, on the other hand, consisted in the fact that there been a legal prosecution against the plaintiff without reasonable or probable cause. This is said to be the essential ground of the action, because the other necessary ingredient (malice) might be inferred from the want of probable cause. It is very clear that the facts stated in this case are not sufficient to have sustained either of the actions above referred to, but we think that an illegal imprisonment was sufficiently averred. It makes no difference whether the restraint of the person is caused without process, or under color of process wholly illegal (1 Chit. Prac. 48); it is a trespass against the person, for which the plaintiff is entitled to compensation in damages upon the necessary proof of the facts.

The counsel for the appellant insists that there was no arrest in this case—or, to speak with more accuracy, there was

no actual apprehension of the plaintiff by the officers—and that nothing but words were used to procure his attendance at the police station. Let us see what the testimony is.

Joseph Reilly, a police officer, says: "I dont know the plaintiff, and first saw him at his house when we arrested him. The defendant came to the police station-house and wanted plaintiff arrested, and the captain sent me and another (now dead) with Collins for that purpose." Again he says, after reaching the house of plaintiff: "The defendant did not go in, but remained close by. We went into the house, and found old man Ahern partly undressed and lying on the bed; it was about eleven o'clock. We told him he must get up and go with us; *he was loth to go*, and said he was a peaceable and orderly citizen, and was unwell, and we had no authority to arrest him. *We told him that we were going to take him, and that he must get up and go with us.* He then got up and put on his coat and went with us; he appeared to be quite feeble and seemed to be unwell. It was a very warm day," &c.

It is admitted that bare words will not constitute an arrest or imprisonment, but words coupled with a threat of force may be sufficient to place a party in restraint. It was held in the case of Johnson v. Tompkins et al., 1 Bald. 571, that "it is not necessary to constitute false imprisonment that the person restrained of his liberty should be touched or actually arrested, if he is ordered to do or not to do the thing, to move or not to move against his own free will, if it is not left to his own option to go or stay when he pleases, and force is offered *·* *  *  *  *  or there is reasonable ground to apprehend that coercive measures will be used if he does not yield." The party under such circumstances need not wait for the actual application of force, but will be considered in a state of actual imprisonment. The testimony discloses the fact that the plaintiff was an old man, unwell and very feeble, and he is told by the officers (two in number) that they came to take him, and he "must get up and go with them." Is there any wonder that he yielded under such circumstan-

ces? No clearer case of an actual taking of a person into custody could be made out.

In asking the court to instruct the jury as to the law of the case, both parties seem to have gone upon the idea that it was an action either of malicious arrest or malicious prosecution; and while there was no necessity of saying anything about probable cause, still it is not probable that the jury was misled by the hypothesis upon which the instructions were drawn. The plain matter of fact as to whether there had been such a trespass committed upon the person of the plaintiff as to entitle him to damages commensurate with the wrong and injury done him was sufficiently presented by the trial, and we are not disposed to disturb the verdict of the jury.

There are many circumstances of aggravation in this case, and no objection can be taken to the ruling of the court below as to the measure of damages. There was no error in the refusal of the instructions asked by the defendant.

The judgment of the court below will be affirmed. The other judges concur.

Motion for rehearing overruled.