SAMUEL FELLOWS, Plaintiff in Error, *v.* CHARLES GOODMAN,
Defendant in Error.

1. *Damages — False imprisonment — Sham arrest under legal process —
   Measure of damages.*—The employees of a railroad company being ordered
   to remove a section-house belonging to the road, while engaged in its removal
   were arrested under criminal process for malicious injury to the building, and
   brought before a magistrate, but were subsequently released; the persons
   ordering the arrest saying they did not wish to prosecute them further, as
   they had sued out an injunction restraining the company from removing the
   building. *Held,* that the proceeding was a sham, and those causing the arrest
   were liable in damages for false imprisonment; that under the circumstances
   the damages were aggravated rather than diminished, because the forms of
   legal process were made use of to accomplish the sham arrest.

*Error to Shelby Circuit Court.*

*James Carr,* for plaintiff in error.

The warrant did not show any criminal offense on its face.
The defendant and all parties concerned in arresting plaintiff
under said warrant were trespassers, and guilty of false impris-
onment in restraining plaintiff of his liberty without any legal
warrant.    (Maher v. Ashmead, 6 Casey, 344; Baird v. House-
holder, 8 *id.* 168.)

*Shafer & York,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff prosecuted the defendant for false improsonment,
and upon the trial showed that he and others were sent to Shelbina
by the officers of the Hannibal & St. Joseph Railroad Company,
to remove a section-house belonging to the company.    While
engaged in its removal they were arrested under criminal process,
by procurement and upon affidavit of defendant, for maliciously
injuring his house and building; were forcibly taken before a
magistrate, and held in custody for some four hours; were then
permitted to leave upon promise to appear again before him at
the same place at a future day to which the hearing of the cause
was adjourned.    They returned at the appointed time, and were
told by the constable that the justice was holding the court some

four miles away, but having no means of transportation' they declined to walk, and defendant's attorney then told them, in his presence, that they might go about their business ; that they did not wish to prosecute them further; that they had got their hands tied — had sued out an injunction restraining the company from removing the section-house. They went away, and the justice entered on his docket that they failed to appear. After showing these facts, with the proper exhibits of the sham proceedings before the justice, the court instructed the. jury that the plaintiff had failed to make a case, and under this instruction they found for defendant.

It is evident that the whole proceeding before the justice was a sham ; that it was instituted to stop the removal of the building until the defendant should be able to prevent it by legal process. It was not a voluntary appearance, for when the defendant and his companions refused to go before a magistrate they were surrounded by a large and noisy *posse*, as the crowd was called, and taken there against their will. The law will not permit criminal process to be abused in this way. The justice who issued it placed himself in a delicate position, and the person who sued it out is liable in damages to those whose liberty was thereby restrained. Says Judge Fagg in Ahern v. Collins, 39 Mo. 150 : " It makes no difference whether the restraint of the person is caused without process or under color of process wholly illegal. (1 Chit. Prac. 148.) It is trespass against the person, for which the plaintiff is entitled to compensation in damages upon the necessary proof of the facts." To this I would only add that an arrest under a sham proceeding, an abuse of the process of court, a fictitious charge made under the forms of law, *mala fide*, is a public as well as private wrong, and should be held rather to aggravate the damages.

The judgment will be reversed and the cause remanded for a new trial. The other judges concur.