ROBINSON, Respondent, vs. THE TOWN OF WASHBURN, Appellant.

*February 6 — February 23, 1892*

*Special verdict: Inconsistent findings: Refusal to receive: Appealable order.*

1. In an action against a town for personal injuries caused by a defective highway, the jury found specially that the highway was out of repair; that the plaintiff did not suffer any injuries by reason of the alleged negligence of the defendant; that the defendant had no notice, either actual or constructive, of the defect before the accident happened; that the defect occurred after sunset on the night of the accident; that the plaintiff was injured by reason of said defect; and that the plaintiff has sustained no damages by such injury. *Held*, that upon this verdict the defendant would be entitled to judgment. The inconsistency of the last two findings was immaterial, and it was error for the trial court to refuse to receive the verdict and enter it of record because of such inconsistency.

2. An order refusing to receive such verdict and enter it of record because of its inconsistency is one involving the merits of the action, within subd. 4, sec. 3069, R. S., and is therefore appealable.

APPEAL from the Circuit Court for *Bayfield* County.

This action was brought to recover damages claimed to have been sustained by the plaintiff by reason of a defect in the sidewalk on Bayfield street in the unincorporated village of Washburn in the defendant town, on the ground that the defendant knowingly and negligently suffered the sidewalk to be and remain out of repair. The principal defect claimed consisted of a hole, caused by the breaking of a plank. The answer denied negligence, and put in issue the principal allegations of the complaint.

Upon a trial by jury a special verdict was found, to the effect (1) that defendant's highway was insufficient or out of repair, and remained in such condition without its giving any warning thereof, at the time the alleged accident happened; (2) that the plaintiff did not suffer any injuries

Robinson vs. The Town of Washburn.

as alleged in her complaint by reason of the alleged negligence of the defendant; (3) that the plaintiff was not guilty of any negligence contributing towards her alleged injury; (4) that the defendant town had no notice, either actual or constructive, of the alleged defect in its highway before the accident happened; to the fifth question, whether defendant's officers had reasonable time to repair said defect or to give notice to the public of the same, no answer was given, and none was required by reason of the fourth finding; (6) that the defect occurred between sunset and 10:50 p. m.; (7) that the plaintiff was injured, by reason of said alleged defect in the highway, in the hip, and her other diseases were aggravated; (8) that the plaintiff has sustained no damages by such injury. The court refused to receive, file, or enter of record this verdict, and upon an affidavit of one of the defendant's attorneys that the foregoing answers were given and returned, and that the court discharged the jury and declined to receive or file the verdict on the ground that the answers to the questions therein set forth were inconsistent, and for no other reason, the defendant obtained an order to show cause why the verdict should not be received by the court, filed, and entered of record, and why the defendant should not have judgment against the plaintiff thereon, and for further or other relief, etc. Upon the hearing, the motion that the verdict be received, filed, and entered of record, etc., was denied with costs, and from this order the defendant appealed.

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *E. F. Gleason*.

For the respondent the cause was submitted on the brief of *Tomkins & Merrill*.

Pɪɴɴᴇʏ, J. If the court had received and recorded the verdict, although there was no finding of damages in favor of the plaintiff, a question for consideration and decision

would have been presented,— whether the answers returned did not amount to a general verdict for the defendant. The court, by its action, in effect suppressed the findings of the jury, and discharged them, and subsequently entered an order on the motion denying the defendant all benefit of the findings, and refused to give judgment thereon in its favor.

A question has been made whether this order is appealable. If the findings of the jury are equivalent to a verdict for the defendant, and in that aspect are not inconsistent, then, unless set aside and a new trial is granted, the defendant will be entitled to a judgment thereon in its favor; and the case of *Lemke v. C., M. & St. P. R. Co.* 39 Wis. 449, sustains the view that such an order is appealable.

The verdict found (1) that the plaintiff did not suffer any injuries as alleged in her complaint by reason of the alleged negligence of the defendant; (2) that the defendant did not have any notice, either actual or constructive, of the alleged defect in its highway before the accident happened. Any answer to the fifth question by its terms became unnecessary, in consequence of the finding last mentioned. The accident occurred on the night of the 19th of July, 1888, as appears from both the complaint and answer, and it is found that the defect occurred between sunset and 10:50 P. M. By these findings the defendant is clearly acquitted of all fault on its part. The inconsistency between the seventh finding, to the effect that the plaintiff was injured by reason of the alleged defect in the defendant's highway, and the eighth finding, that the plaintiff sustained no damages therefrom, becomes utterly immaterial. The injury is found to be one for which the defendant is in no way answerable. Upon this verdict it is plain that the defendant is entitled to judgment, unless it shall be set aside and a new trial granted for some reason recognized by law.

The order of the circuit court, we think, is appealable on the ground that under the circumstances of this case it involves the merits of the action. It prevents the entry of a judgment on a finding in favor of the defendant, to which it is clearly entitled. In ordinary cases, an order denying judgment to the defendant on a verdict results in giving judgment thereon to the plaintiff, from which either party may appeal; but where, as in this case, the refusal of the court to enter the verdict of record and to give the defendant judgment on it must necessarily, if acquiesced in, deprive it of a verdict in its favor on the merits, and expose it to the expense and hazard of another trial to reach the same result, and may possibly result in a verdict against it, we think the case is brought within subd. 4, sec. 3069, R. S., and that the order is one affecting the merits, and is therefore appealable; and that, under the special circumstances of this case, it is distinguishable from *Treat v. Hiles*, 75 Wis. 274, and other similar cases cited in *Murray v. Scribner*, 70 Wis. 228. The statute provides for a comprehensive system of appeals from orders, and it would be strange, indeed, if, with a provision for an appeal from an order affecting the merits, such an order as the one in question should not be held appealable.

When the merits of an action have been determined by special answers to questions submitted, the verdict should not be held defective and rejected by reason of the failure to answer other questions, or any inconsistency in the answers given which do not and cannot in any way qualify or limit the answers upon which the right of either of the parties to a judgment in his favor is made clear. Correct practice requires in such cases that the verdict be received and filed, so that any action of the court based on it may be reviewed on appeal. It is not admissible for the circuit court to determine the questions arising upon such findings finally and in a summary way by refusing to receive and

make them a matter of record. We do not hold or intimate, however, that where a verdict, either general or special, is so obviously imperfect that no fair contention can be made that either party will be entitled to judgment on it, it should be received and entered of record. It is the duty of the court to receive and record the findings of the jury in this case and proceed in respect thereto according to law.

*By the Court.*—The order of the circuit court, appealed from, is reversed, and the cause is remanded for further proceedings according to law.