## JACOB H. ALLEN v. NANCY LIZER.

### No. 408.* ( 58 Pac. 238.)

1. ACTION FOR ASSAULT—*Admission of Evidence—Findings of Jury.* Even if the court erred in the admission of expert testimony respecting the possible consequences of the blow received by the plaintiff, the error was without prejudice to the rights of the defendant, since it appears that the jury allowed nothing for permanent injuries.

2. ——— *Special Questions.* The court did not err in refusing to submit certain special questions to the jury, or in refusing to allow certain questions asked on cross-examination of a witness for the plaintiff to be answered.

3. ——— *Findings Construed.* Certain special questions were answered "We do not know," and others, "We cannot answer." Such answers are equivalent to findings against the party whose case needs the support of the alleged facts. (*Morrow v. Comm'rs of Saline Co.*, 21 Kan. 352.)

4. ——— *Injury to Married Woman—Damages.* Under the facts stated in the opinion, it was not error for the court to instruct that the jury might allow the plaintiff, who was a married woman, for the expenses of medical attendance necessitated by the injuries received.

5. ——— *Instructions Refused.* From the special findings, it is clear that the error, if any, in refusing to give instructions asked for by the defendant did not influence the verdict.

Error from Sumner district court; JAMES A. RAY, judge.   Opinion filed September 16, 1899.   Affirmed.

*Thomas George,* and *W. W. Schwinn,* for plaintiff in error.

*Ready & Ready, C. E. Elliott,* and *H. L. Wood,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The petition in this case alleged in proper terms that the defendant wantonly, mali-

*Petition for order to certify denied by supreme court November 11, 1899.—REP.

ciously and violently assaulted the plaintiff and beat her upon the head with a large stick or club, inflicting a very serious and dangerous wound, and causing great loss of blood, and also resulting in permanent injuries, namely, to her hearing and to her brain, so that from the latter she was threatened with insanity. The petition also alleged loss of plaintiff's time, to her damage in the sum of fifty dollars, and further damage on account of surgical and medical attendance in the sum of $100. The defendant Allen filed an answer in which, besides a general denial, he averred that if he struck the plaintiff as alleged in her petition, which he denied, he so struck in the lawful defense of his person against an unlawful and malicious assault by the plaintiff, and to prevent the plaintiff from inflicting upon him great bodily harm, and that he used only such force as was necessary to defend himself from such assault.

Shortly before the difficulty occurred the defendant and his hired man armed themselves with Osage orange clubs, about four feet long and fully one and one-half inches in thickness at the larger end, and rode on horseback into the field where the plaintiff's husband, William Lizer, was raking corn-stalks, preparatory to burning the same to clear the field for plowing. It was on the 2d of March, 1893, and Lizer was intending to plant a crop on the land, which belonged to the defendant and which Lizer had farmed the year before. The defendant desired to farm the land in the spring of 1893, and had not leased it for that year to Lizer, who resided with his family on the land. Riding up to Lizer's team, which was hitched to a riding rake upon which Lizer sat, the defendant began punching and striking the team to turn it around and to force it and its driver to leave the field.

Lizer's son and two hired men were present, and Mrs. Lizer and her daughter came up about that time, expecting to assist in burning stalks. Mrs. Lizer strongly remonstrated with Allen for his treatment of the team. The controversy became very warm, and Mrs. Lizer sent her son to the house for a gun, declaring that she would shoot the defendant. While the boy was gone the defendant rode up to the plaintiff and struck her with the club on the left side of the head above the temple, laying the scalp open practically to the bone for the space of four inches. The wound bled very profusely and the plaintiff was subsequently weakened from loss of blood. The jury found that the defendant intended to do the plaintiff bodily harm when he struck her. Expert testimony was introduced by both parties. The defendant and his witnesses testified that the plaintiff struck him with a hill of corn-stalks, on the roots of which was hard earth, wounding him on the head and face, before he knew that she was struck or injured; but the jury on conflicting evidence found that she did not strike him at any time and that he did not strike her for the purpose of causing her to desist from attack upon him. They also found that the conduct of the plaintiff immediately prior to the time she received the injury was not calculated to provoke the defendant to strike the blow; that she did not expect any difficulty with the defendant at the time she left the house to go to the field; and that she did not go there with the purpose of taking part in any altercation that might arise. It was not disputed that the purpose of the defendant in going to the field was to compel Lizer to quit raking stalks and to leave the field.

The verdict and judgment were for the plaintiff in

the sum of $1044.49. The findings show that while the jury allowed the plaintiff for the expense of medical attendance (amount not stated) they did not allow anything for loss of time or for permanent injuries.

We have read the very voluminous record and have examined the various assignments of error with much care, and have arrived at the following conclusions :

*First.* If the court erred in the admission of expert testimony in respect to the possible consequences of the blow received by the plaintiff, the error was without prejudice to the rights of the defendant, since it appears that the jury allowed nothing for permanent injuries.

*Second.* The court did not err in refusing to allow the following question asked on cross-examination of a witness for the plaintiff to be answered, namely :

" Ques.   Did Mrs. Lizer's manner and actions lead you to believe that if she got the gun she would shoot Mr. Allen? "

As the answer of the defendant averred that he struck the plaintiff, if at all, while repelling an assault upon himself, the question in respect to the possible use of the gun was clearly irrelevant and the evidence called for was immaterial.

*Third.* An examination of the special questions which the court refused to submit to the jury shows that such questions were either fully covered by others which were submitted or that they were improper.

*Fourth.* Certain special questions were answered, " We do not know," and others, " We cannot answer." Such answers are equivalent to findings against the party whose case needs the support of the alleged facts. (*Morrow v. Comm'rs of Saline Co.*, 21 Kan. 484.)

*Fifth.* Whether or not the court erred in refusing to

give instructions asked for by the defendant becomes unimportant in view of the special findings, for it is clear that the jury adopted the plaintiff's theory of the case. Counsel insist that the case of *Taylor v. Clendenning*, 4 Kan. 524, furnishes a correct statement of the law applicable to the present case and that the court erred in refusing to give instructions in accordance with the decision in that case. We disagree entirely with this contention. The facts in that case were very dissimilar to the facts in this case as found by the jury from conflicting evidence.

There was evidence that Mrs. Lizer was raising poultry as her own personal enterprise, that she intended to pay her physician from that source of income for the services rendered on account of her injury, and that she had made part payment therefor. It was not error, therefore, for the court to instruct that the jury might allow the plaintiff for the expenses of such medical attendance. The other contentions of counsel do not require special mention.

The judgment of the district court is affirmed.