JOHN V. BOULGER and Edward J. Hughes, Respondents, v. NORTHERN PACIFIC RAILWAY, Appellant.

THOMAS E. VALLANCY, Respondent, v. NORTHERN PACIFIC RAILWAY, Appellant.

HARRIET WEIR, Respondent, v. NORTHERN PACIFIC RAILWAY, Appellant.

AUGUST ZIESMER, Respondent, v. NORTHERN PACIFIC RAILWAY, Appellant.

(171 N. W. 632.)

**Trial — special verdict — effect.**

1. The failure of a special verdict to find upon any material fact in issue is equivalent to a finding against the party upon whom the burden rests to establish such fact, and this whether the party be the plaintiff or the defendant.

---

Note.—That a railroad company is liable to property owners along its road for injuries caused by its obstruction of water that flows in a natural course, and the reasonableness of the obstruction is not material, will be seen by an examination of notes in 22 L.R.A. (N.S.) 789, and L.R.A.1917A, 517, on right of owner of lower tenement as against the rights of the upper landowner to obstruct surface water in a natural drainage channel.

Torts — damages — recovery from one partially liable.

2. Where it appears that part of the damage in a tort action was caused by a third party or a third cause, the plaintiff, unless a conspiracy or a joint tort can be proved, can only recover against the defendant such damages as he can show were occasioned by defendant's wrong.

Trial — special verdict — recovery.

3. Where the special verdict of a jury finds that the injury to plaintiff's property, which was flooded by surface waters, was, if due at all, to the obstructing of such waters by the defendant's railroad embankment and the flooding back therefrom, and was also due to the waters rushing down hill and running into the basements before they even reached such track, and does not determine how much damage was occasioned by each of the causes, no recovery against the defendant can be had on such a verdict.

Watercourses — surface water — action — special verdict.

4. Special verdicts of the jury examined and found not to be inconsistent.

Appeal and error — special verdict — judgment — appealable order.

5. Where a special verdict is submitted to the jury, which covers all of the material issues of the case, and such findings are in favor of the defendant, such defendant is entitled to the reception of the same and judgment thereon, and an order overruling a motion for such judgment and followed by an order for a new trial is an appealable order and comes within the provisions of § 7841 of the Compiled Laws of 1913, which makes orders appealable which effect a substantial right, when such order in effect determines the cause and prevents a judgment from which an appeal might be taken.

Opinion filed November 16, 1918.

Actions to recover for injuries occasioned by the flooding of plaintiff's premises.

Appeal from the District Court of Stark County, Honorable *W. C. Crawford*, Judge.

Motion for judgment on special verdicts denied and new trials ordered.

Defendant appeals.

Reversed.

Statement of facts by BRUCE, Ch. J.

These are actions for damages occasioned by the flooding of the plaintiffs' premises by water alleged to have been obstructed by the defendants' railroad embankment, and during the same storm as that

which was considered in the cases of Soules v. Northern P. R. Co. 34 N. D. 7, L.R.A.1917A, 501, 157 N. W. 823, and Reichert v. Northern P. R. Co. 39 N. D. 115, 167 N. W. 127.

Special verdicts were requested, and the following questions were propounded and answered:

We, the jury impaneled and sworn to try the above-entitled action, do make the following answers to the questions submitted to us:

1. Q. Does the railroad embankment cross a natural channel for drainage of surface waters where the railroad culvert is constructed?

1. A. It does.

2. Q. Was the 4-foot culvert maintained by the defendant, if not obstructed by any floating street culvert crossing or other *débris,* of sufficient size and capacity to take care of storm waters which might reasonably be expected in this locality?

2. A. (Not answered.)

3. Q. If you answer question No. 2, "No," should an ordinarily prudent man in the exercise of ordinary and usual care have known that said culvert was not sufficient in size or capacity?

3. A. No.

4. Q. Would an ordinarily prudent person under similar circumstances have installed the 4-foot culvert in question here?

4. A. Yes.

5. Q. Did the defendant employ competent engineers to determine the size of a culvert necessary to take care of the running off from the drainage basin in question here and make installation of such culvert?

5. A. No.

6. Q. Is it just as probable that the flooding of the Masonic Temple basement and the damage to plaintiff's property was occasioned by causes other than the negligence of the defendant railway company, if you find said railway company was negligent?

6. A. No.

7. Q. Was the 4-foot culvert maintained by the defendant, if obstructed by any floating street platform or other *débris,* of sufficient size and capacity to take care of all the rain that fell on July 28, 1914, up to 6: 30 o'clock on the morning of that day?

7. A. No.

8. Q. Was the running off of the waters through the culvert under the track obstructed and blocked by the street culvert crossing and other *débris* referred to in the testimony, thus causing the waters to back up and flood plaintiffs' premises?

8. A. (Not answered.)

9. Q. Was the storm and flood of July 28, 1914, an unusual and extraordinary one?

9. A. Yes.

10. Q. Was the storm of July 28, 1914, such a storm that might reasonably be expected to occur in this vicinity?

10. A. Yes.

11. Q. Should the ordinary prudent man residing in this region have anticipated from his general experience such a storm and rainfall as occurred on July 28, 1914?

11. A. Yes.

12. Q. Did plaintiffs sustain damages because of the flooding of their premises on July 28, 1914?

12. A. Yes.

13. Q. If they did sustain damages what was the amount of that damage?

13. A. Vallancy, $700; Weir, $1,400; Boulger & Hughes, $2,300; Zeismer, $600.

14. Q. Did the water coming down either Sims street or First street north from the west flow over the sidewalk and into the basement of the building occupied by Boulger & Hughes, thus damaging plaintiffs' property?

14. A. Yes.

15. Q. Did any water other than that backed up from the railway culvert run into the basement of the Masonic Temple, thus damaging plaintiffs' property?

15. A. Yes.

16. Q. Did water run into the basement of the Masonic Temple before the railway culvert under the tracks was running full?

16. A. Yes.

17. Q. If you answer question No. 16 in the affirmative about how much water had run in?

17. A. Do not know.

Motions for judgment on the special verdicts were made by both the plaintiffs and the defendant, but were denied, and the court on its own motion ordered new trials.

The defendant appeals from the orders denying its motions for judgment on the verdicts.

*Watson, Young, & Conmy,* for appellant.

In order to entitle plaintiff to have judgment on a special verdict, the jury must have answered all the questions in the special verdict in such a way so as to find all the material facts necessary to constitute plaintiffs cause of action and to eliminate the defenses to same. Hedderick v. Hedderick, 18 N. D. 488; Morrison v. Stone, 37 Pac. 142.

Where the facts stated in answer to an interrogatory are such as to preclude a recovery the court must so adjudge. Rice v. Evansville, 108 Ind. 7, 11, 9 N. E. 139; Railway Co. v. Pinchin, 112 Ind. 597, 13 N. E. 677; Korrady v. Lake Shore & M. S. R. Co. 29 N. E. 1071; Dull v. Cleveland, C. C. & St. L. R. Co. 52 N. E. 1013.

A venire de novo will not be awarded for defects and uncertainties in a special verdict unless they are such that no judgment can be rendered upon the verdict. Salem-Bedford Stone Co. v. O'Brien, 49 N. E. 457; Spaulding v. Mott, 76 N. E. 620; Hadley v. Lake Erie R. Co. 46 N. E. 935, 51 N. E. 337; Smith v. Barber, 53 N. E. 1014; Waterberry v. Miller, 41 N. E. 383; Myers v. Green, 69 Am. St. Rep. 344, 51 N. E. 942; Hedderick v. Hedderick, 18 N. D. 494, 123 N. W. 276; Bush v. Maxwell (Wis.) 48 N. W. 250; White v. Bailey, 14 Conn. 272; Johnson v. Ins. Co. 39 Mich. 33.

Where a special verdict fails to determine all the controverted material issues by the facts found, such issues as are ignored must be regarded as not sustained by the party on whom rests the burden of proof. 22 Enc. Pl. & Pr. 996; Brazil Block Co. v. Hoodlet (Ind.) 27 N. E. 74; Wabash R. Co. v. Ray, 51 N. E. 920; Cleveland R. Co. v. Miller, 49 N. E. 445; Ballard v. Citizens St. Ry. 47 N. E. 643; Atchison, T. & S. F. R. Co. v. McCandless, 6 Pac. 587; Croan v. Baden, 85 Pac. 532; Mulvaney v. Burrows (Iowa) 132 N. W. 873; Dougherty v. Snyder, 71 S. W. 463; A. T. & S. F. R. Co. v. Johnson, 41 Pac. 641; Hayes v. Smith, 15 Ohio C. C. 300; State v. Jackson (Ind.)

100 N. E. 479; Reeves v. C. M. & St. P. R. Co. (S. D.) 123 N. W. 498; Flannery v. Ry. Co. 23 Mo. App. 120; Allen v. Lizor (Kan.) 58 Pac. 238; Missouri, K. & T. R. Co. v. Bussel, 71 Pac. 261.

Defendants are entitled to judgment unless there be a finding showing defendants' negligence proximately caused the loss. Maitland v. Paper Co. (Wis.) 72 N. W. 1124; Groth v. Thomas, 86 N. W. 178; Baynowski v. Lumberman Co. 67 N. W. 1171; Watson v. Colusa Min. Co. 79 Pac. 15; Newark v. Chestnut Hill Land Co. 75 Atl. 645; McDonough v. R. M. M. Co. 38 N. D. 465, 165 N. W. 504; Chybonski v. Bucyrus Co. (Wis.) 106 N. W. 833; Meehan v. Great Northern R. Co. 13 N. D. 443, 101 N. W. 183; Black v. Fair Association, 164 N. W. 297; Adams v. Mining Co. 11 L.R.A.(N.S.) 845.

*T. F. Murtha* and *Thomas H. Pugh,* for respondents.

An order denying a motion for judgment notwithstanding the verdict is not an appealable order. To be reviewed on appeal such an order must be included in or connected with a denial of a motion for a new trial. Turner v. Crumption, 25 N. D. 134; Comp. Laws 1913, § 7841; Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Hodge v. Franklin Ins. Co. (Wis.) 126 N. W. 1098; Ripon Hdw. Co. v. Dodge (Wis.) 123 N. W. 659; Watkins Med. Co. v. McCall (Minn.) 133 N. W. 966; Oelschlegel v. Ry. (Minn.) 73 N. W. 631; Hostager v. Northwestern Paper Co. (Minn.) 124 N. W. 213.

BRUCE, Ch. J. (after stating the facts as above). Though these are actions for damages occasioned by the same flood which was involved in the prior cases of Soules v. Northern P. R. Co. 34 N. D. 7, L.R.A. 1917A, 501, 157 N. W. 823, and Reichert v. Northern P. R. Co. — N. D. —, 167 N. W. 127, the buildings which are here claimed to have been flooded were situated at a greater distance from and at a higher elevation than those which were therein injured, and it may well have been that the waters flowing back from the railway culvert or embankment would have flooded the buildings on this lower area while not those in the cases which are before us.

The cases, however, must be decided upon the law as announced in the prior case of Reichert v. Northern P. R. Co. supra. According to that case the material questions to be decided are: Was the waterway or drainway the natural and accustomed channel for the escape of surface waters, and did the railway company so obstruct the same

41 N. D.—21.

that, after such obstruction, it was unable to carry off waters, which it would have formerly carried, *and did such obstruction occasion injury to the plaintiffs?*

The rule seems to be well established that "the failure of a special verdict to find upon any material fact in issue is equivalent to a finding against the party upon whom the burden rests to establish such fact." We do not, however, construe this rule as the defendant evidently construed it, and that is, that such failure will in all cases be construed against the plaintiff, who has, of course, the general burden of proof in all actions of negligence, but rather as against the party whether, plaintiff or defendant, upon whom the particular burden rests to establish the particular fact, and whether such fact is necessary to the plaintiffs' case or necessary merely to the defense of the defendant. See Brazil Block Coal Co. v. Hoodlet, 129 Ind. 327, 27 N. E. 741; Wabash R. Co. v. Ray, 152 Ind. 392, 51 N. E. 920; Cleveland, C. C. & St. L. R. Co. v. Miller, 149 Ind. 490, 49 N. E. 445; Atchison, T. & S. F. R. Co. v. McCandliss, 33 Kan. 366, 6 Pac. 587, 3 Am. Neg. Cas. 430; Croan v. Baden, 73 Kan. 364, 85 Pac. 532; Mulvaney v. Burroughs, 152 Iowa, 439, 132 N. W. 873; Dougherty v. Snyder, 97 Mo. App. 495, 71 S. W. 463; Atchison, T. & S. F. R. Co. v. Johnson, 3 Okla. 41, 41 Pac. 641, 6 Am. Neg. Cas. 187; Hayes v. Smith, 15 Ohio C. C. 300, 8 Ohio C. D. 92; State ex rel. Monroe County v. Jackson, 52 Ind. App. 254, 100 N. E. 479; Reeves v. Chicago, M. & St. P. R. Co. 24 S. D. 84, 123 N. W. 498; Flannery v. Kansas City St. J. & C. B. R. Co. 23 Mo. App. 120; Allen v. Lizer, 9 Kan. App. 548, 58 Pac. 238.

Under this rule the special verdict found that the railroad embankment crossed a natural channel for the drainage of surface waters; that the 4-foot culvert maintained by the defendant, if unobstructed by any floating street platform or other *débris,* was not of sufficient size and capacity to take care of all of the rain that fell on July 28, 1914, up to 6:30 o'clock on that day; that the running off of the water of the culvert under the track was not obstructed or blocked by the street culvert crossing and other *débris* referred to in the testimony; that the storm of July 28, 1914, was such a storm that might reasonably be expected to occur in the vicinity; that an ordinary prudent man residing in this region should have anticipated from his general

experience such a storm and rainfall; that the plaintiffs sustained damages because of the flooding of their premises on July 28, 1914; that the amount of their damages was: Vallancy, $700; Weir, $400; Boulger & Hughes, $2,300; Zeismer, $600.

So far there is no finding that the flooding of the property of the plaintiffs was due to the water backing up from the railroad embankment or from the culvert under the same, and the only finding in relation thereto are the following questions and answers:

Q. Is it just as probable that the flooding of the Masonic Temple basement and the damages to plaintiffs' property was occasioned by causes other than the negligence of the defendant railroad company, if you find said railroad company was negligent?

A. No.

Q. This question and answer is entirely unsatisfactory, as the question is clearly double, and prior thereto there is no specific finding of negligence. Following is the specific finding:

Q. Did water coming down either Sim street or First street, north from the west, flow over the sidewalk and into the basement of the building occupied by Boulger & Hughes, thus damaging plaintiff's property?

A. Yes.

If this question and answer means anything, it means that the water on its way down from the elevation above flowed onto the plaintiffs' property, and it nowhere holds that it was a defective culvert that occasioned the damage, or that the water so flowing was backed up from the embankment.

Following it are the following questions:

Q. Did any water otherwise than that backed up from the railroad culvert run into the basements of the Masonic Temple, thus damaging plaintiff's property?

A. Yes.

Q. Did water run into the basements of the Masonic Temple before the railroad culvert under the tracks was running full?

A. Yes.

Q. If you answer number 16 in the affirmative, about how much water had run in?

A. Do not know.

One of the principal defenses of the defendant is that the flooding was not occasioned by the embankment or the 4-foot culvert, but by the water running into the basements while coming down the hills and piling up upon the street. There is no attempt in the case to show, and there is no finding, as to how much of the damage was occasioned by the waters flowing down the hills and before it reached the railroad track, and how much was occasioned by the water flooding back from the railroad track, if, in fact, any there was. And the undisputed testimony shows that there was a large amount of water in the basement before any is claimed to have come from the railroad embankment.

It is well established that where it appears that part of the damage was caused by a third party or a third cause, the plaintiff, unless a conspiracy or joint tort can be proved, can only recover against the defendant such damages as he can show were occasioned by the defendants' wrong.

As was well said in the case of Watson v. Colusa-Parrot Min. & Smelting Co. 31 Mont. 513, 79 Pac. 15. "The defendant's act being several when it was committed cannot be made joint because of the consequence which followed in connection with others who had done the same or a similar act." It is true that it is difficult to separate the injury, but that furnishes no reason why one tort-feasor should be liable for the act of others who have no association and who do not act in concert with him. If the law was otherwise, the one who did the least might be liable for damages of others, damage exceeding the amount for which he really was chargeable in any means to enforce contribution or to adjust the amount among the different parties. So, also, proof of an act committed by one person would entitle the plaintiff to recover for all damages sustained by the acts of others who severally and independently may have contributed to the injury. Such a law cannot be upheld upon any sound principle of law. The fact that it is difficult to separate the injury done by each one from others should furnish no reason for holding that one tort-feasor should be liable for acts of others with whom he is not acting in concert. See also Newark v. Chestnut Hill Land Co. 77 N. J. Eq. 23, 75 Atl. 645; McDonough v. Russell-Miller Mill. Co. 38 N. D. 465, 165 N. W. 504; Chybowski v. Bucyrus Co. 127 Wis. 332, 7 L.R.A.(N.S.) 357, 106 N. W. 833;

Meehan v. Great Northern R. Co. 13 N. D. 443, 101 N. W. 183; Adams v. Bunker Hill & S. Min. Co. 12 Idaho, 637, 11 L.R.A.(N.S.) 845, 89 Pac. 624; Brown v. Chicago, B. & Q. R. Co. 195 Fed. 1007.

We find no inconsistency in the special findings, and the respondents themselves contend that there are none. Even though finding No. 6 is somewhat confusing on account of the double nature of the question, it is well established that positive findings finding material facts, which are conclusive of the controversy, overcome those which are merely incidental. Robinson v. Washburn, 81 Wis. 404, 51 N. W. 578.

This being the case the court, rather than ordering new trials, should have granted the plaintiffs' motions for judgments upon the special findings; that is to say, if the orders appealed from were appealable at all, and this court has jurisdiction in the premises.

We are of the opinion that the orders were appealable. Section 7841 of the Compiled Laws of 1913 makes, among others, orders appealable, which affect "a substantial right . . . when such order in effect determines the action and prevents a judgment from which an appeal might be taken." It also makes appealable orders granting or refusing a new trial or sustaining or overruling a demurrer, and an order which "involves the merits of an action or some part thereof."

We are of the opinion that the orders overruling the motions for judgments on the special verdicts both involved the merits of the actions and prevented the rendition of judgments from which appeals might be taken, coupled as they were with the court's granting new trials on his own motion.

In the cases at bar both parties moved for judgments on the special verdicts of the jury. The cases were not similar to that of Persons v. Simons, 1 N. D. 243, 46 N. W. 969, where only special interrogatories were involved. The special verdicts covered all of the material issues of the cases and their findings were determinative of them. The defendant was entitled to the reception of these verdicts and to have judgments entered thereon. They were not cases of special interrogatories, where general verdicts could have been received and judgments entered in spite of the special findings. The orders, therefore, both involved the merits of the actions and prevented the rendition of

judgments from which appeals might be taken. Robinson v. Washburn, supra.

The orders appealed from are reversed, and the causes are remanded, with directions to enter judgments for the defendant, dismissing the several complaints.

GRACE, J. I concur in the result.