(101 N. W. 314.)

---

DANIEL MEEHAN v. GREAT NORTHERN RAILWAY COMPANY.

Opinion filed November 5, 1904.

**Opinion Evidence Incompetent Upon Facts Which Jury Can Understand and Form Opinions On.**

1. The opinion of expert witnesses as to which of two or more causes produced a given effect are not admissible in evidence, where the conditions necessary to the operation of the different causes can be described with sufficient clearness, so that the jury can understand them, and intelligently form an opinion.

**Plaintiff Must Show That His Injury Arises from a Cause for Which Defendant Is Responsible.**

2. In an action to recover damages for an injury alleged to have been caused by defendant's negligence, where it appears that there were two or more possible causes of the injury, only one of which is chargeable to defendant's negligence, the burden is upon the plaintiff to make it appear that it was more probable that the injury resulted from the cause for which the defendant was responsible.

**Master Must Keep in Repair Appliances Furnished Employes.**

3. It is the master's duty not only to provide proper appliances for the use of his employes, but also to exercise ordinary care to keep the appliances in good repair.

**Same — Cannot Delegate the Duty.**

4. The master's duty to provide proper appliances and to keep them in good repair cannot be delegated so as to avoid personal responsibility for the due performance of the duty.

**Master Liable Only When He Knows, or Ought to Know, of Defect.**

5. The master is not liable to his employe for an injury caused by a defect in appliances resulting solely from use, unless the master knew or ought to have known of and remedied the defect.

**Same.**

6. The employe does not assume the risk of injury caused by the master's negligence, where he had no knowledge of the existing danger.

**Judgment Notwithstanding the Verdict.**

7. To justify an order for judgment notwithstanding the verdict, the record must affirmatively show, not only that the verdict is not justified by the evidence, but it must also appear that there is no reasonable probability that the defects in the proof necessary to support the verdict may be remedied on another trial.

Appeal from District Court, Grand Forks county; *Fisk*, J.

Action by Daniel Meehan against the Great Northern Railway Company. Verdict for plaintiff. From an order denying judgment notwithstanding the verdict, or a new trial, defendant appeals.

Reversed.

*C. Wellington* and *C. J. Murphy,* for appellant.

Expert testimony and opinion evidence based upon a proper foundation, and allowed, as a rule, upon questions of science, art, medicine and mechanics, where, from the nature of the subject

examined, the fact upon which the opinions are based cannot be passed upon by the average man or juror, but where the facts can be placed before the jury in such a manner that they are just as competent to form an opinion or draw an inference as the witness is, then there is no room for expert or opinion evidence. Overby v. C. & O. Ry. Co., 53 A. & E. Ry. Cases, 417.

The position of the head brakeman was at the head end of the train, or on the engine; and to observe the running of the trains, and watch for breaking in two of trains. Failure to instruct jury, that if they found that plaintiff was out of his proper place and such neglect was the proximate cause of his injury, he could not recover, was error. Green v. Br. & N. M. Ry., 88 N. W. 974.

Excessive damages appearing to have been given under influence of passion or prejudice is, in North Dakota, a ground for a new trial. Kennedy v. St. Paul City Ry. Co., 60 N. W. 810; Thompson v. Chicago, St. P. & K. C. Ry. Co., 73 N. W. 707; Standard Oil Co. v. Tierney, 27 S. W. 963; Wood v. L. & N. R. Co., 88 Fed. 44; Brown v. Southern Pac. Ry. Co., 26 Pac. 579.

No presumption of negligence can flow from the mere happening of this accident. Trains often part from various causes. Kinkad v. O., S. L. & U. N. Ry., 53 A. &. E. Ry. Cases, 248.

Plaintiff assumed the risk consequent upon the liability of the trains upon which he was employed to part. Alcorn v. C. & A. R. Co., 108 Mo. 81; Rodgers et al. v. Leydon, 26 N. E. 210; Reitman v. Stolte, 22 N. E. 304.

Where a servant has equal means of knowledge of danger with his master, so that they stand on equal footing, and the servant is not specifically commanded as to time and manner of doing work, but when told to do a particular thing has such discretion that he can control the means, time and manner of doing the work, then, unless he does it in the way and with the means which will be safest, he is guilty of contributory negligence. English v. C., M. & St. P. Ry., 24 Fed. 906; Claus v. N. S. Co., 89 Fed. 646; Sours v. Great Northern Ry. Co., 87 N W. 766; Chicago & N. W. Ry. v. Davis, 53 Fed. 61; Schaivle v. L. S. & M. S. Ry. Co., 56 N. W. 565; Keys v. Pa. Co., 3 Atl. 15; Collins v. B., C. & N. Ry. Co., 49 N. W. 848.

*P. J. McLaughlin* and *Geo A. Bangs,* attorneys for respondent.

Expert and opinion evidence is admissible in all matters involving peculiar or special knowledge. The subjects are not confined to

classed and specified professions; wherever special or peculiar skill or judgment applied to a particular subject is required to explain results or trace them to their causes, expert and opinion evidence is applicable. Story v. Maclay, 3 Mon. K. 480; Clifford v. Richardson, 18 Vt. 620; Sturges v. Knapp, 33 Vt. 486; 2 Taylor on Evidence, section 1275; Krippner v. Biebel, 9 N. W. 671.

The qualification of the witness is in the discretion of the court, and the ruling is reviewable only in case of abuse. City of Ft. Wayne v. Coombs, 7 N. E. 743; Stillwell & Bierce Mfg. Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. Rep. 601; Fruit Dispatch Co. v. Murray, 96 N. W. 83.

The running and operation of trains is so far an act outside of the experience and knowledge of ordinary persons as to render the opinions of experts admissible. Belle Fontaine R. R. Co. v. Bailey, 11 Ohio St. 333; Illinois Central R. R. Co. v. Reedy, 17 Ill. 580; Cooper v. Central R. R. Co., 44 Ia. 140; Brabbits v. Chicago & N. W. Ry. Co., 38 Wis. 289; Davidson v. St. Paul, M. & M. Ry. Co., 24 N. W. 324; Chicago Ry. Co. v. Shannon, 43 Ill. 339; Grand Rapids Ry. Co. v. Huntley, 38 Mich. 537; Whitsett v. Chicago, R. I. & P. Ry. Co., 25 N. W. 104; Kolsti v. Minneapolis & St. L. Ry. Co., 19 N. W. 655.

Expert testimony on various subjects was admitted in the following cases, in which it was held that the discretion of the court was not abused: Olmstead v. Gere, 100 Penn. St. 127; Leopold v. Van Kirk, 29 Wis. 548; Mayo v. Wright, 29 N. W. 832; Kraatz v. Brush Electric Light Co., 46 N. W. 787; Kuhns v. Wisconsin, I. & N. Ry. Co., 31 N. W. 868; Tebo v. City of Augusta, 63 N. W. 1045; Woodward v. Ry. Co., 122 Fed. 66; Healy v. Visalia & T. Ry. Co., 36 Pac. 125; Yarnish v. Tarbox, 59 N. W. 300; Peerless Mach. Co. v. Gates, 63 N. W. 260; Little Rock v. Shoecraft, 56 Ark. 465; Camp Point v. Balou, 71 Ill. 417; Laird v. Snyder, 26 N. W. 654; Ruglehaupt v. Young, 17 S. W. 710; International v. Klaus, 64 Tex. 293; Horam v. Chicago, St. P., M. & O. Ry. Co., 56 N. W. 507; Haviland v. Manhattan Ry. Co., 15 N. Y. Supp. 898; 131 N. Y. 630, 30 N. E. 864; Pullman v. Smith, 14 S. W. 993; Kendrick v. Central Railroad & Banking Co., 15 S. E. 685; Williamson v. Vinling, 80 Ind. 379; Taylor v. Baltimore & O. Ry. Co., 10 S. E. 29; McCray v. Ry. Co., 34 S. W. 95.

The damages were not excessive. As illustrating the amounts in various cases that have been approved, see the following cases:

Thompson v. Chicago, St. P. & K. C. Ry. Co., 73 N. W. 707; Roth v. Union Depot Co., 31 L. R. A. 855, 43 Pac. 641; Chipman v. Union Pac. Ry. Co., 41 Pac. 562; Karaslch v. Kasbrouck et al., 28 Wis. 569; Schultz v. Chicago, M. & St. P. Ry. Co., 48 Wis. 375.

On judgment notwithstanding the verdict, the question, whether the defendant was negligent, was for the jury. McCreary v. Ry. Co., 69 S. W. 1037.

In determining this question the evidence should be considered according to the proof which it was in the power of the one side to produce and in the other to contradict, and the omission of a party to testify to facts in his knowledge, is also to be considered. McDonough v. O'Niel, 113 Mass. 92; Jansen v. Thomas, 81 Fed. 578; East Tenn. Ry. Co. v. Douglass, 19 S. E. 885.

That the train parted under the circumstances as it did, was prima facie evidence of negligence and entitled the plaintiff to have his case submitted to the jury. Kirst v. M., L. S. & W. Ry. Co., 1 N. W. 89; Mulcairns v. City of Janevsille, 29 N. W. 565; Sheridan v. Foley, 33 Atl. 484; Ryder v. Kinsey, 64 N. W. 94; Seyvall v. Ry. Co., 95 N. Y. 562; Carrol v. Chicago, B. & N. Ry. Co., 75 N. W. 176.

It was not necessary to show the specific defect which caused the train to part. Missouri etc. Ry. Co. v. Hawk, 69 S. W. 1037.

It is the absolute duty of the master not only to furnish reasonably safe instrumentalities, but to see that they are kept and maintained in a reasonably safe condition. Shortel v. City of St. Joseph, 16 S. W. 583; Dorsey v. Construction Co., 42 Wis. 583; Cook v. St. Paul, M. & M. Ry. Co., 24 N. W. 311; Mullin v. Northern Mill Co., 55 N. W. 1115; Hooper v. Great Northern Ry. Co., 83 N. W. 440; Perras v. A. Booth & Co., 84 N. W. 739, 85 N. W. 179; Olmscheid v. Nelson-Tenney Lbr. Co., 68 N. W. 605; Malcolm v. Fuller, 25 N. E. 83; Loucks v. Chicago, M. & St. P. Ry. Co., 18 N. W. 651.

Plaintiff was not guilty of contributory negligence. To charge him with such, the evidence must be so clear as to leave no room to doubt and all the material facts must be conceded or established beyond controversy. Field on Damages, 519; Beach on Contributory Negligence, section 447; Ry. Co. v. Sharp, 63 Fed. 532; Chicago, M. & St. P. Ry. Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. Rep. 281, 38 L. Ed. 131; Bluedorn v. Ry. Co., 18 S. W. 1103; Weller v. Ry. Co., 25 S. W. 532.

Negligence which is not the proximate cause of the injury is not contributory negligence. Ry. Co. v. Mansburger, 65 Fed. 196; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. Rep. 653, 35 L. Ed. 270; Boyle v. Degnan, 61 N. Y. S. 1043; Bassett v. Fish, 75 N. Y. 303; Mather v. Rillston, 156 U. S. 399, 15 Sup. Ct. Rep. 464; Ry. Co. v. Steinburg, 17 Mich. 99; Park v. O'Brien, 23 Conn. 347; Christianson v. Northwestern Compo-Board Co., 85 N. W. 826.

From no point of view was the defendant entitled to a judgment notwithstanding the verdict. It will not be rendered unless the right is clear, and if the evidence lacking to sustain a cause of action may be supplied, such judgment should not be granted. Cruikshank v. St. Paul Fire & Marine Ins. Co., 77 N. W. 958; Kreatz v. St. Cloud School Dist., 81 N. W. 533; Jaroszeski v. Osgood & Blodgett Mfg. Co., 83 N. W. 389; Bragg v. Chicago, M. & St. P. Ry. Co., 83 N. W. 511; Aetna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436.

ENGERUD, J. Plaintiff sued to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant, and obtained a verdict for $8,000 damages. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial, and appealed from the order denying both motions.

The complaint alleged, in substance, that on April 10, 1902, the plaintiff was the head brakeman on defendant's freight train which ran from Grand Forks to Walhalla and return; that while the train was running between Grafton and Minto on the return trip the plaintiff, while in the discharge of his duties, and exercising due care, was proceeding along the top of the train from the caboose towards the engine, and fell off the end of one of the cars, and received the injuries complained of; that, unknown to plaintiff, the train had broken in two, and he fell off of the front end of the rear portion because of the unexpected break in the train. The particular negligence complained of as the proximate cause of the injury is, in substance, that the couplings on the two cars which separated were so imperfectly constructed, and were so twisted and broken, worn and out of repair, that they became disconnected, and thus caused the train to break in two.

The defenses relied upon are that there was no negligence on the part of the defendant; contributory negligence on the part of the

plaintiff; and that the injury resulted from a danger incident to the business, the risk of which the plaintiff assumed by his contract of employment.

The evidence shows that while the freight train in question upon which plaintiff was employed as head brakeman was running from Grafton to Minto, at about 11 o'clock on the night of April 10, 1902, the train parted near the middle. The train consisted of about forty cars. The engineer and fireman did not notice the break, and went on with the front portion of the train to Minto, a distance of about ten miles from Grafton, before they discovered that the train had parted. The rear portion, upon which the plaintiff was riding, traveled on, with gradually diminishing speed, until it came to a stop about four and one-half miles from Grafton. The plaintiff's post of duty was at the front end of the train, but he had got into the caboose when the train pulled out of Grafton, and stayed in the caboose long enough to eat his lunch. After eating his lunch he started for the front end of the train, and in order to do so he had to pass over the tops of the cars between the caboose and the engine. When he reached the front end of the detached portion of the train, he discovered the break, but, as he claims, too late to save himself, and consequently walked or fell off the front end of the front car, and was injured. After he fell, the detached part of the train moved only five or six feet before coming to a stop. All the cars in the train were equipped with the automatic couplers in common use on such trains. The couplers between the rear car of the front part of the train and the front car of the rear portion of the train had in some manner become disconnected. It is conceded that such couplers as those in question may, and, not infrequently do, part by reason of any one of three causes: (1) By slipping apart by reason of wear; (2) by the pin "pinching" up so as to permit the knuckles to unlock; (3) by the "jumping" of the drawbars one above the other. The first only, of the above three causes, under the facts of this case, can be attributed to defendant's negligence. Under such circumstances mere proof of the accident does not cast upon defendant the burden of showing the real cause of the injury and negativing possible negligence. The burden of proof was upon the plaintiff to prove by a preponderance of the evidence that the parting of the train was due to the wear of the couplers. Balding v. Andrews, 12 N. D. 267, 96 N. W. 305; Smith v. Bank, 99 Mass.

605, 97 Am. Dec. 59; Kinkhead v. Ry. Co. (Or.), 29 Pac. 3. Immediately after the accident the drawbars and couplers which parted were examined by the conductor. He testified as a witness for plaintiff, and his testimony is the only direct evidence in the case as to the condition of the drawbars and couplers at the time of the accident. He testified, in substance, that the drawbars and couplers were in good order; that they showed only such wear as usually appears when couplers are in use, but not sufficient to permit the couplers to slip apart. No direct proof was made except that of the conductor as to what extent the couplers were worn, or that the wear in any way rendered the couplers unsafe or unfit for the use to which they were put. Plaintiff sought to make this proof by opinion evidence, and several assignments of error relied upon by appellant are predicated upon the rulings admitting these opinions. The following questions and answers fairly disclose the line of inquiry objected to. Plaintiff was asked: "Q. In view of the smooth condition of the track, the condition of the couplers as testified to by Mr. Ingersoll [the conductor], the rate of speed at which this train at any time was moving prior to the time it parted in two, I will ask you to state, from your knowledge and experience as a brakeman, whether or not the train could have parted if the knuckles had not been in a worn condition. A. No, they could not." One Kingsley, who had had several years' experience as a brakeman and conductor, was sworn as a witness for plaintiff. He had no personal knowledge of the accident, or the facts and circumstances surrounding it. Plaintiff's version of the facts testified to were recited to him, and he was asked to state whether, in his opinion, the train parted by reason of the worn condition of the couplers. He answered in the affirmative. Aside from the testimony of the conductor above set forth, the only facts upon which to base the opinions of these witnesses was certain testimony to the effect that the highest rate of speed of the train between Grafton and Minto was eight to ten miles per hour; that sags or depressions in the track may cause couplers to part by "jumping" one above the other. There is no proof that sags or depressions are the only causes which may account for couplers "jumping" apart. The plaintiff testified that the track between Grafton and the place of the accident was "smooth and level;" that sags or depressions are easily detected by trainmen when the train is in motion, and that he did not notice any.

It will be seen from the foregoing that these witnesses were permitted to give their opinions upon a vital issue in the case, which was to be determined by the jury. They were not testifying to facts within their knowledge, but simply expressed opinions as to what conclusions should be drawn from the facts. Our views on the subject are accurately expressed by the following quotation from the opinion of Judge Earl in Ferguson v. Hubbell, 97 N. Y. 507, 49 Am. Rep. 544: "The general rule of law is that witnesses must state facts within their knowledge, and not give their opinions or their inferences. To this rule there are some exceptions, among which is expert evidence. * * * It is not sufficient, to warrant the introduction of expert evidence, that the witness may know more of the subject of inquiry and may better comprehend and appreciate it than the jury; but, to warrant its introduction, the subject of the inquiry must be one relating to some trade, profession, science or art in which persons instructed therein by study or experience may be supposed to have more skill and knowledge than jurors of average intelligence may be presumed generally to have. The jurors may have less skill and experience than the witnesses, and yet have enough to draw their own conclusions and do justice between the parties. Where the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert or opinion evidence. To require the exclusion of such evidence, it is not needed that the jurors should be able to see the facts as they appear to eye witnesses, or to be as capable to draw conclusions from them as some witnesses might be, but it is sufficient that the facts can be presented in such manner that jurors of ordinary intelligence and experience in the affairs of life can appreciate them, can base intelligent judgment upon them, and comprehend them sufficiently for the ordinary administration of justice. The rules admitting the opinions of experts should not be unnecessarily extended. Experience has shown that it is much safer to confine the testimony of witnesses to facts in all cases where that is practicable, and leave the jury to exercise their judgment and experience upon the facts proved. Where witnesses testify to facts, they may be specifically contradicted, and, if they testify falsely, they are liable to punishment for perjury. But they may give false opinions without fear of punishment. It is generally safer to take the judg-

ments of unskilled jurors than the opinions of hired and generally biased experts." See, also, Muldowney v. Ry. Co., 36 Iowa, 462; Bemis v. R. R. Co., 58 Vt. 636, 3 Atl. 531. If these witnesses had learned from their experience as railroad men what various causes might make these couplers separate, and what conditions were essential to set these several causes in operation, they would be qualified to testify as experts, and inform the jury under what conditions each cause would or would not operate. With this information before them, the jury were as well qualified to determine the cause of the break in the train as the expert witnesses. The conditions under which these causes might operate were not of such a nature that they could not be adequately described with sufficient clearness to enable a person of average intelligence to understand them. There was no occasion or necessity for the opinions objected to, and the testimony should have been excluded. The admission of this testimony was clearly prejudicial, and the defendant's motion for a new trial should have been granted.

Appellant, however, insists that it is entitled to judgment notwithstanding the verdict, under chapter 63, p. 74, Laws 1901. It is contended that the evidence in this case is insufficient to establish any negligence on defendant's part; that it shows that the injury was due to plaintiff's own want of care, and that the injury resulted from a hazard of the business the risk of which plaintiff assumed by his contract of employment; that defendant's motion for a directed verdict on these grounds should have been granted, and hence that a judgment notwithstanding the verdict should be ordered. Judgment notwithstanding the verdict is not warranted in every case where a directed verdict has been erroneously denied. To justify such judgment, the record must affirmatively show not only that the verdict is not justified by the evidence, but it must also appear from the nature of the case and the circumstances connected with it, that there is no reasonable probability that upon another trial the defects in or objections to the proof necessary to support the verdict may be remedied. Richmire v. Elevator Co., 11 N. D. 453, 92 N. W. 819; Aetna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Merritt v. Ry. Co. (Minn.), 84 N. W. 321. The record before us tends rather to suggest than to negative the probability of additional evidence being produced on another trial relative to the question of defendant's alleged negligence and plaintiff's alleged want of care. Such additional evidence, if fur-

nished, may supply the present insufficiency of proof of the former and overcome the inferences which it is claimed establish contributory negligence. If the injury was proximately caused by defective couplers, and the defect was due to defendant's negligence, it is clear, under the circumstances disclosed by the evidence before us, that the plaintiff did not assume the risk of injury from that cause. It is not claimed that he knew of the alleged defects in the couplers, nor is it claimed that the defendant habitually used defective couplers. An employe does not assume the risk of injury from an unknown danger caused by the master's negligence. Woutilla v. Lumber Co., 37 Minn. 153, 33 N. W. 551, 5 Am. St. Rep. 832; Southern Pac. Ry. Co. v. Yeagin, 109 Fed. 436, 48 C. C. A. 497; Dorsey v. Construction Co., 42 Wis. 583; Greene v. Ry. Co., 31 Minn. 248, 17 N. W. 378, 47 Am. Rep. 785. Although we are agreed that there was an insufficiency of competent testimony to establish negligence on defendant's part, and that a motion for a directed verdict on that ground should have been granted, yet, for the reasons above stated, the motion for judgment notwithstanding the verdict was properly denied.

As a guide in the future disposition of this case, we will state briefly the reasons why we deem the evidence insufficient to establish defendant's negligence. Under the circumstances disclosed by the evidence in this case, and assuming that the parting of the couplers was the proximate cause of the injury, it is essential to plaintiff's right to recover that he establish by a preponderance of the evidence two facts: (1) That the train parted by reason of defective couplers; (2) that the defect in the couplers was known, or ought to have been known, to the defendant. The complaint charged the defendant with negligence in this: That the defendant had omitted to perform the duty which it, as master, owed to its employes to furnish proper appliances and to keep them in repair. It was undisputed that the first part of this duty had been performed. The couplers were free from defects when originally placed in the cars. It is claimed, however, that they had become unfit for use by wear. It is not claimed that the defendant, or any of its agents, servants or employes, had knowledge of the unsafe condition of the couplers. With respect to the master's duty to keep appliances in repair for the use of his employes the rule is that the master must use ordinary care (such care as a prudent man would ordinarily exercise), and such diligence, in the way of inspection, to detect

the need of repairs, as reasonable prudence ordinarily requires, in view of the circumstances attending the use of the appliances in question. Rev. Codes 1899, section 4097; Cameron v. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Deppe v. Ry. Co., 36 Iowa, 52; Anderson v. Ry. Co., 107 Mich. 591, 65 N. W. 585; Park Hotel Co. v. Lockhart, 59 Ark. 465, 28 S. W. 23; Carruthers v. Ry. Co., 55 Kan. 600, 40 Pac. 915; Tuck v. Ry. Co. (Ala.), 12 South. 168; Moon v. Ry. Co., 46 Minn. 106, 48 N. W. 679, 24 Am. St. Rep. 194; Smith v. Ry. Co., 42 Wis. 520. This duty cannot be delegated so as to relieve the master from personal responsibility for its due perform- ance. Hough v. Ry. Co., 100 U. S. 213, 25 L. Ed. 612; Northern Pacific R. R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; Union Pacific Ry. Co. v. Snyder, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597. Applying these rules to this case, even if we assume that the couplers parted by reason of wear, we find no evidence sufficient to warrant the conclusion that the defendant had omitted its duty with respect to repair. It follows, from the rules we have stated, that a master is not liable for his employe's injury, caused by the appliance becoming out of repair, when the defect is unknown to the master, unless it is shown that the defect ought to have been discovered and remedied if the master had performed his duty to exercise reasonable prudence and ordinary care to detect and remedy such defect. The mere fact that an injury is caused by defective appliances does not prove negligence unless the defect is of such a nature that reasonable prudence and ordinary care ought to have discovered it. In this case there is no direct evidence as to the extent of the wear except that of the con- ductor. Although his testimony tends to negative the fact, the plaintiff sought to have the jury infer from circumstantial and opinion evidence not only that the wear was sufficient to permit the couplers to slip apart, but also to go further, and from the first inference draw the further conclusion that the wear was of such extent that the defendant ought to have discovered and remedied it. Such attenuated inferences cannot take the place of evidence. The evidence is equally unsatisfactory as to the cause of the parting of the couplers. It would serve no useful purpose to discuss it in detail. Suffice it to say that, after eliminating the objectionable opinion evidence, there is not sufficient evidence from which it can be determined which of the three possible causes brought about the accident. It was not necessary for the plaintiff to exclude the

possibility of the non-negligent causes, but it was incumbent on him to furnish proof, direct or circumstantial, sufficient to reasonably justify the conclusion that there was a greater probability that defective couplers caused the accident than that either of the other two possible causes produced the result. Cameron v. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Whitney v. Clifford, 57 Wis. 156, 14 N. W. 927; Shearman & Redfield on Negligence, sections 57, 58; Wason v. West (Me.), 3 Atl. 911.

The order denying the motion for a new trial is reversed, and a new trial ordered. All concur.