The Houghton Implement Company, a Corporation, v. Frank
Vavrosky.

Opinion filed November 5, 1906.  Rehearing denied December 12, 1906.

**Pleading — Answer — Conclusion.**

1. An answer states no defense when no facts are set forth as a
basis for the conclusions pleaded.

**Sales — Warranted to Work Satisfactorily.**

2. A written warranty that an engine will work satisfactorily and
develop specified power is a warranty that the engine will work satis-
factorily in all respects, and the warranty is not limited to the develop-
ment of power only.

**Same — Construction.**

3. A warranty that a machine will work satisfactorily means that it
will work satisfactorily to the purchaser.

**Same — Rescission — Disaffirmance and Return of Property.**

4. A rescission of a contract of sale on an engine cannot be con-
summated by a mere disaffirmance thereof, but such disaffirmance
must be followed by a return of the engine unless a return be waived
by the seller or the contract otherwise provides.

**Judgment Notwithstanding the Verdict.**

5. A motion for judgment notwithstanding the verdict should not
be granted unless the record shows not only that the verdict is not
sustained by the evidence, but also that there is no reasonable proba-
bility that defects in proof or pleadings can be remedied on a new
trial.

Appeal from District Court, Walsh county; Goss, J.

Action by the Houghton Implement Company against Frank
Vavrosky.  Judgment for defendant, and plaintiff appeals.

Reversed.

J. H. Bosard, for appellant.
Jeff M. Myers, for respondent.

Morgan, C. J.  This is an action on an alleged breach of a con-
tract for the sale of a gasoline engine.  The plaintiff was the general
agent of the Kansas City Hay Press Company, the manufacturer
of the engine, and is now the owner of the contract made by de-
fendant with said Kansas City Hay Press Company, and of the
indebtedness alleged to be due under said contract.  The complaint
alleges the giving of an order by defendant for said engine and

the delivery thereof to him, and that he has failed and refuses to execute and deliver notes for the purchase price of said engine, and a mortgage to secure the same as agreed to on the order, and refuses to pay said debt to plaintiff's damage in the sum of $1,600.

The answer admits the giving of the order and the delivery of the engine to him and the refusal to execute the notes and mortgage. As a defense it is alleged that the order contained an express guaranty that the engine would give perfect satisfaction, if properly handled. That the engine was purchased to be used as a sample engine by defendant as agent for the Kansas City Hay Press Company, at Pisek, N. D. That, upon testing said engine, it was ascertained that it was not at all as represented and "that it is wholly lacking in power to do the work of the ordinary 18-horse-power engine, and that it was of no use as a general purpose threshing engine. That when defendant ascertained that the engine did not comply with the warranty upon which it was ordered, he notified the Kansas City Hay Press Company and the plaintiff that he would not settle for the same. Plaintiff thereupon agreed that it would procure the Kansas City Hay Press Company to overhaul said engine, and put it in first-class shape to do the usual work of the ordinary 18-horse-power threshing engine before the commencement of the threshing season of 1902, and that plaintiff failed to do so until nearly the close of said threshing season of 1902. That, in consequence of said failure to repair said engine. within the time specified, defendant notified the plaintiff that he would not settle for nor accept said engine, and that he held it subject to its order. The jury found for the defendant. A motion for a new trial, and a motion for judgment notwithstanding the verdict were made and denied. The denying of these motions and alleged errors in the admission of certain evidence on the trial are urged as grounds for a reversal of the judgment.

The guaranty under which the machine was sold was in the following language: "We fully guaranty our engines to give perfect satisfaction if properly handled, and every engine shipped to develop its full rated actual power at brake, and in case of its being questioned, we will send a man at any reasonable distance to take the brake test, which shall be done by standard methods, and in case we fail to demonstrate its full rated power, providing the engine is in proper order, we will remove same or replace it

with another that will give the power, all at our own expense. The purchaser, however, to stand the expense, if, on the other hand, we do demonstrate that the power is as represented." Plaintiff contends that this is a guaranty of the capacity of the engine only, and that if the evidence shows that the engine developed its full rated actual power at brake, then the warranty was fulfilled and the defendant could not have been in good faith dissatisfied with the engine. We do not think that this is a reasonable construction of the warranty. The warranty covers two distinct matters. The first refers to the engine generally, and that it would work to defendant's perfect satisfaction; (2) that it would develop its full rated actual power at brake upon a test. This construction of the warranty gives effect to each clause thereof. It would be a forced construction to hold that the second part of the warranty is a limitation upon the first, as that would render the first clause meaningless. If, upon a test of the engine it developed its full rated power at brake, the warranty would be fulfilled, without regard to the fact whether it worked satisfactorily or not. Other causes might render the work of the engine unsatisfactory, although it might develop the capacity of power warranted. The warranty that the engine would work satisfactorily means that it would work satisfactorily to the purchaser. See Garland v. Keeler (N. D.) 108 N. W. 484, and cases cited. Also, Stutz v. Loyal Hanna Coal & Coke Co., 131 Pa. 267, 18 Atl. 875; Singerly v. Thayer, 108 Pa. 291, 2 Atl. 230, 56 Am. Rep. 207; Haney-Campbell Co. v. Preston Creamery Ass'n, 119 Iowa, 188, 93 N. W. 297; B. & O. Ry. Co. v. Brydon, 65 Md. 198, 611, 3 Atl. 306, 9 Atl. 126, 57 Am. Rep. 318. It is claimed that the defendant did not plead in his answer that the engine did not work satisfactorily except as to its incapacity to develop sufficient power. The answer does not plead in express terms that the engine did not do satisfactory work. The answer alleges that the engine "was of no use as a general purpose threshing engine," and that it wholly failed to comply with the warranty, but no facts are pleaded on which a claim can be based in good faith that the engine did not do satisfactory work aside from its failure to develop its rated power, equal to an 18-horse-power engine. The answer, therefore, did not allege facts on which a failure of the warranty in this respect could be predicated.

The evidence shows beyond any question that the engine failed to work satisfactorily during the threshing season of 1901. This fact is of no consequence in view of the fact that the plaintiff agreed to either furnish an engine capable of more power, or to repair the one in defendant's possession so that it would develop more power, and to do so in time for the threshing season of 1902 Hence the stipulations of the warranty were waived by mutual consent in 1901, and the engine allowed to remain in defendant's possession until the 1902 season. The defendant claims that the plaintiff failed to comply with this new contract until after the threshing season had nearly passed in 1902. Plaintiff claims that defendant was to give it thirty days' notice before the time that he would want the engine repaired or replaced. Plaintiff claims that this notice was not given. It is unnecessary to determine which of these contentions is true. It may be conceded for the purpose of this appeal that both contentions would be decided in defendant's favor. There must be a new trial, in any event. The defendant has not returned the engine to the plaintiff, pursuant to the contract, nor has the plaintiff waived such return. The defendant claims that he rescinded the contract, and insists in his argument that the engine was sold to another party in the fall of 1901, and that plaintiff authorized such sale, and that no return of the engine was therefore contemplated by the parties under the new agreement, and that the original contract was thereby waived. The evidence will not sustain the fact that a sale was made in 1901. There was considerable correspondence in respect to a sale, but defendant's evidence shows conclusively that there was no such sale. From a certain letter written by defendant to plaintiff on October 22, 1901, that fact might be inferred if the letter is alone examined. Defendant's evidence, however, completely refutes such inference. Defendant testified on the trial as follows: "I wrote them about it, and I said they had to do something over that engine if they wanted me so I could sell it before harvest, so that they could try it, fix it, or do something with it. That was soon after the 8th of May, 1902." This testimony refutes the inference contained in his letter of October 22, 1901, where he say that "parties will settle for engine as soon as it runs satisfactorily," and shows that the engine was in his possession and for sale by him about May, 1902.

The evidence shows that the engine was repaired in the fall of 1902, but defendant still refused to settle for it, and based his refusal solely on the ground that it was not repaired before the threshing season had commenced. He claims that he rescinded the contract for that reason. No effort was made to show that the engine was returned. No rescission would be effectual unless the engine was returned. Defendant cannot retain the engine, and resist payment of the price. Upon failure of the plaintiff to repair the engine in pursuance of the new agreement, if such was the case, defendant should have promptly returned the engine unless a return was waived. There is no evidence of such waiver so far as a return under the new contract is concerned. For that reason a new trial should have been granted. Whether there was competent evidence under which the jury might have found that the engine failed to comply with the warranty as to the development of the power therein specified, it is not necessary to determine, nor is it necessary to consider the assigned errors in the admission of evidence. It was not error to deny the motion for judgment notwithstanding the verdict. The evidence does not show that the defendant cannot recover a verdict in his favor under any conditions. A judgment notwithstanding the verdict can be rendered only in cases where it appears that a party is precluded from recovering by reason of some conclusive fact, not subject to amendment or of being supplied on another trial. Richmire v. Andrews & Gage El. Co., 11 N. D. 453, 92 N. W. 819; Meehan v. G. N. Ry. Co., 13 N. D. 432, 101 N. W. 183.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings according to law.

KNAUF, J., concurs. ENGERUD, J., absent and not participating in the decision.