HOUGHTON IMPLEMENT COMPANY v. FRANK VAVROWSKI.

Opinion filed March 10, 1910.

**Sales — Breach of Warranty — Waiver of Return of Goods.**

1. Under the evidence in this case it was a question for the jury to determine whether a waiver of the return of an engine on a breach of a warranty was intended or not.

**Appeal and Error — Directing Verdict — Question for Jury — Waiver.**

2. It was error to direct a verdict for the plaintiff, as the evidence as to such waiver was not undisputed, or, at least, was such that reasonable persons might draw opposite conclusions therefrom.

**Principal and Agent — Authority of Expert.**

3. Unless shown to possess authority from his principal to that effect, an expert, sent to repair an engine, cannot bind his principal by changing an existing contract.

**Sales — Conditional Sale — Authority of Agent — Waiver.**

4. It is error to exclude evidence of a conditional sale by an agent of a machine company with consent of the company, as such evidence has a bearing on the question of possession of the property in this case, and upon the question whether a return of same to the company was waived.

**Sales — Breach of Contract — Pleading.**

5. A defense to the effect that the engine involved in this suit was not purchased on the order set forth in the complaint and admitted by the answer cannot be raised under such pleadings.

Appeal from District Court, Walsh county, *Kneeshaw, J.*

Action by the Houghton Implement Company against Frank Vavrowski. Verdict directed for the plaintiff. New trial granted. Plaintiff appeals.

Affirmed.

*Skulason* and *Burtness,* for Appellant.

*Jeff M. Myers,* for Respondent.

MORGAN, C. J. This case was before this court on a former appeal, and is reported in 15 N. D. 308, 109 N. W. 1024. It is an action for damages for an alleged breach of a contract of sale of a gasoline engine. The facts will only be partially set forth now as they are fully set forth on the decision in the other appeal. An amended answer was filed since that appeal, wherein the defendant amits the contract of sale of the engine, and specifically sets forth the warranty in the sale, and wherein there was a breach of the same. The

answer also alleges: That the engine was ordered as a sample engine to be used in making sales as the agent of the Kansas City Hay-Press Company, of which the plaintiff was the general agent in North Dakota. That, after the defendant ascertained that the same did not comply with the warranty, he notified the Kansas City Hay-Press Company and this plaintiff that he would not settle for the same. After such notice to said parties, it was agreed that, if the defendant would retain such engine for a time, they would procure the same to be overhauled and have it put in first-class shape to do satisfactory work before the commencement of the threshing season of 1902, providing the defendant would notify said Kansas City Hay-Press Company 30 days in advance of the time he desired to use said engine. The answer also contains this allegation: "The defendant immediately, and some time in the spring of 1902, notified the Kansas City Hay-Press Company, and also the plaintiff, that if he was to complete the conditional sale of said engine made by him upon the authority of the plaintiff, it would be necessary to have it put in proper shape at once." The answer also contains this allegation: "That the conditional sale of said engine referred to was made by the defendant to one M. Vavrowski in the fall of 1901, upon the condition that the Kansas City Hay-Press Company would, before the threshing season of 1902, put said engine in shape to do good and efficient work as a threshing engine, which said contract of sale the plaintiff, as the agent of the Kansas City Hay-Press Company, the owners at said time of said engine, duly authorized this defendant to make." The defendant further alleges that the Kansas City Hay-Press Company entirely refused to make an effort to put said engine in proper repair until towards the close of the threshing season of 1902, and that, when defendant ascertained that said company were delaying said matter to the time when it would be too late to use said engine during the threshing season of 1902, he notified the plaintiff and said hay-press company that he would not accept said engine and that he held it thereafter subject to their order and as the agent of the Kansas City Hay-Press Company. The answer also alleges another claim, to the effect that the defendant is entitled to a partial offset of the plaintiff's claim, if found valid, on account of certain commissions claimed to be due to defendant on the sale of said engine. On this trial a verdict was directed in favor of the plaintiff for the sum of $2,360.66, being the full amount claimed by the plaintiff. The defendant made a

motion for a new trial, containing 34 specifications of error. This motion was granted by the judge of the district court of the Seventh judicial district, but the trial took place before another judge.

If these specifications of error present one or more prejudicial errors, the order appealed from must be affirmed.

In the court below, the defendant contended that the plaintiff is not the owner of the claim sued upon. This question is not urged in this court, and will therefore be deemed abandoned.

On the first appeal it was found that the warranty was not complied with, as the engine failed to work according to its terms. It was also held on that appeal that the failure to show that the engine worked in compliance with the warranty became immaterial in view of the fact that the plaintiff and defendant had subsequently entered into a new arrangement under which the plaintiff agreed to remedy the defects in the engine before the harvest season of 1902. It was also decided, on that appeal, that the fact that the defendant had not returned the engine on its failure to work according to the warranty left the verdict without sufficient evidence to sustain it. In other words it was held that the evidence was insufficient to show a rescission of the sale for the reason that the engine had not been returned by the defendant, or a showing made that its return had been waived by the plaintiff.

The question now presented is in reference to what transpired in 1902 as to the repair of the engine so as to comply with the warranty, under the agreement made in 1901. Upon a determination of these matters will depend whether the plaintiff was entitled to a directed verdict for the full amount claimed to be due. To determine this question, we will only review the record so far as it pertains to matters occurring on and after May 8, 1902.

On that day the plaintiff, through its president, wrote the defendant at Pisek, N. D., that the Kansas City Hay-Press Company agreed to fit up the engine before threshing time, and that the defendant was to give 30 days' notice before the time that he wanted the engine put in repair. Up to this time the evidence shows that the defendant had never unconditionally accepted the engine. He had always claimed that it would not work, and had refused to execute the notes and mortgage for the purchase price. Under the agreement made in 1901 and mentioned by plaintiff in the letter of May 8, 1902, everything, including the acceptance of the engine by the defendant, was dependent upon its being fixed to do satisfactory work.

Up to this time there had been no completed rescission and no unconditional acceptance under the original order. Soon after the letter of May 8th, defendant notified the Kansas City Hay-Press Company, as testified to by him, to send the man to do the repairing. The engine was also hauled to Pisek by the defendant's brother for the purpose of giving the Kansas City Hay-Press Company, or its general agent, the plaintiff, an opportunity to comply with the contract to fix it so that it would do satisfactory work. Up to this time nothing had been done to change the relation of the parties to the contract, as existing in 1901, when the new contract was agreed upon. There was no compliance with the defendant's request that the Kansas City Hay-Press Company send an expert to repair the engine, until Korsmeyer, an expert, appeared in August, after threshing had been in progress about two weeks. In respect to what transpired when Korsmeyer appeared, the defendant testified as follows: "A man did come to Pisek the last part of August, 1902, to fix the engine. That man was the inventor, Korsmeyer. I had a talk with him. I had a talk with Houghton, of the Houghton Implement Company, over the 'phone the same day I talked with Korsmeyer. I told Mr. Houghton there was no use fixing the engine, it was too late, that threshing was pretty near over, and I do not have a separator, the separator was sold to try them, and we could not do anything with the engine. He said it was better to try; he would sell it to somebody else. I told him then it was too late, and I think I could not sell it for them. He then said that: 'Well, let us keep her there; let us get it fixed and keep her there anyway, and get a chance to sell it to somebody.' I had a talk about shipping the engine to some other place. I told him at the same time, 'Better ship it somewhere else. ' He did not tell me what to do with it. He said, 'Let it stay there and try and sell it to some one there.' * * * I did not help Korsmeyer about running that. I do not know whether he asked me to help him or not, but I told him it was no use, it was too late, the threshing season was about two or three weeks, and I told him it was no use to do anything with it that fall. They had been threshing about two weeks, two or three, I do not know exactly when; I think some of them started the 7th of August."

Under this evidence it is plaintiff's contention that it conclusively appears that there was no return of the engine and no waiver of its return by the plaintiff. The testimony, it is claimed by the plaintiff,

goes no further than to show an effort to persuade the defendant to retain the engine and sell it. This conversation took place after the harvest of 1902 was in progress, and shows unequivocally that the engine had not been fixed at that time, pursuant to the agreement of 1901. Respondent contends that this evidence, together with the letters between the parties, sustain the conclusion that he sold the engine in the fall of 1901, with plaintiff's express consent, acting as the agent of the Kansas City Hay-Press Company. This was the defendant's contention on the former appeal also; but this court then decided that under the record in that case the contention was conclusively refuted. The same contention is again presented under an amended answer and additional evidence and under offers of evidence which were excluded. The contention now is that the defendant made a conditional sale of the engine in 1901 to one Vavrowski, defendant's brother; said sale being made on condition that the engine would be repaired so as to do satisfacory work. It is also contended by the defendant that these conditions were acquiesced in by the plaintiff as such agent, and that the sale was never completed for the reason that the plaintiff and the Kansas City Hay-Press Company failed to put the engine in working order in 1902.

It is claimed by the defendant that the delivery of the engine to his brother was made under such conditional sale, and that his brother retained its possession until May, 1902, when he brought it to Pisek, so that the company could repair it. Whether the engine was then turned over to the plaintiff, or to whom it was delivered is not stated. If possession was given to the plaintiff, then the jury might be warranted in finding that the contract was rescinded and the engine restored to the plaintiff and accepted by it. As bearing on the question of possession of the engine after May, 1902, this evidence as to a sale should have been admitted. It was error to reject it. It was error, also, to direct a verdict on that evidence, as it does not show, as a matter of law, that a return of the engine under the contract was not waived. It was clearly a question for the jury to determine in whose possesison the engine was under the new contract of 1901, and after May, 1902, and whether a return of the engine to the plaintiff or the Kansas City Hay-Press Company was or was not waived. What was intended by the parties at the August meeting was peculiarly a question for the jury. In this case the order for the engine does not provide the manner in which

the contract may be rescinded, and it does not provide where or to whom it was to be delivered in case the contract was disaffirmed or rescinded. The acts of the parties and what was said by them must determine whether that was accomplished or not.

The defendant's testimony as to what transpired between him and Houghton in August, 1902, considered in connection with the correspondence in this case, present a question for the jury as to whether a return of the engine was waived by the plaintiff, and as to where the possession of the engine was after May, 1902.

It is claimed that it was error to exclude evidence as to what one of the plaintiff's experts said to the defendant when he was attempting to fix the engine. Unless it is shown that such expert had authority from the plaintiff or the Kansas City Hay-Press Company, nothing that was said by him would be binding on said parties, so far as changing the contract is concerned.

It is also claimed that the defendant's order in writing for this engine has become inoperative and of no effect, and that the plaintiff cannot recover under that order, as it was not accepted by the defendant, and for the reason that the engine was not sold under that order, but was sold to the defendant by the plaintiff. It is not necessary to say anything on that contention further than to say that the answer does not set forth any such defense or claim.

In view of the fact that there must be a new trial, it is unnecessary to dispose of the contention in reference to a commission on the sale of this engine in reduction of the amount due if determined that the plaintiff is entitled to recover. That issue depends upon whether the contract under which the engine was sold provides for a commission.

There is nothing in the written order under which the engine was delivered to show that it was sold as a sample engine.

The judgment is affirmed. All concur.