## LOUIS DEMARS v. MRS. ALBERT GARDNER.

(145 N. W. 129.)

**Justice court — action — change of venue — notice of trial — may be served on parties or attorneys.**

> When a change of venue is taken from one justice to another upon affidavit

of prejudice, the notice of the time and place of trial given by the second justice may be served upon either the parties or their attorneys.

Opinion filed January 20, 1914.   Rehearing denied February 11, 1914.

Appeal from the District Court of Ward County, *Leighton,* J. Affirmed.

*Geo. H. Gjertsen,* for appellant.

Section 8506 of the Revised Codes of 1905 makes it obligatory to serve an answer only when the judgment from which appeal is taken was by default.   In this case there was no default.   13 Cyc. 759.

When a change of venue is had in justice court, it is the duty of the justice to whose court the case is taken, to notify both parties of the time and place of trial.   Such notice must be served on the party. Richmire v. Andrews & G. Elevator Co. 11 N. D. 454, 92 N. W. 819; Weimer v. Sutherland, 74 Cal. 341, 15 Pac. 849.

*A. W. Gray* and *L. F. Clausen,* for respondent.

Upon change of venue in justice court, the justice before whose court the case is taken has the same jurisdiction as though the case had originated in his court.   Rev. Codes 1905, § 8377.

Informalities in the service of a required notice do not invalidate the notice, so long as the necessary information is given to the proper party.   29 Cyc. 1116; Bates v. A. E. Johnson Co. 79 Minn. 354, 82 N. W. 649.

A justice's judgment may be informal, but, if it causes no prejudice and does not affect substantial rights of the defendant, it is not void. 23 Cyc. 921.

Where an attorney appears in an action for defendant, in an action where defendant has been duly served with process, the presumption is that such appearance is by authority.   If no authority has been given, it is the duty of the defendant to promptly disavow the act of the attorney.   The judgment here entered was a default judgment.   4 Cyc. 926; 13 Cyc. 759; 23 Cyc. 734.

Some pleading should have been served with the notice of appeal. Aneta Mercantile Co. v. Groseth, 20 N. D. 137, 127 N. W. 718.

Burke, J. This action was begun before a justice of the peace by the issuance and service of a summons and complaint in replevin. Two days before the return day of the summons, the defendant filed an affidavit of prejudice and asked for a change of venue. The motion for a change of venue was signed by George H. Gjertsen, as her attorney. Upon the return day of the summons, plaintiff appeared with his attorney, but the defendant was not represented either personally or by attorney, and the said justice of the peace transferred the case to the nearest justice in said county. This second justice thereupon docketed the case and set the time for hearing five days later at 10 o'clock A. M. of said day, and he thereupon mailed notice of such hearing by registered mail to the said attorney for the defendant.

Upon the said return day the defendants made no appearance and judgment was duly entered against them by default. Later defendant appealed to the district court upon the following assignment of error: "The above-named justice of the peace erred in entering judgment in this action, on the ground and for the reason that no notice was served upon the defendant as to the time and place the trial of said cause would take place, * * * and that thereby said justice lost jurisdiction to try said action." The same attorney represented the defendant in this appeal, and later he moved the district court to dismiss the justice's judgment upon the same ground.

When the case was reached in the district court, defendant being represented by the same attorney, the ruling of the district court was that the service of the said notice was ample and sufficient, and that the second justice of the peace had jurisdiction of the case, and that his judgment was legal, and the motion of the defendant was thereupon denied and the appeal dismissed. From this order of the district court this appeal has been taken and is now before us for consideration.

(1) While appellant has specified six errors, they all are founded upon the same proposition, namely, that the second justice had served the notices upon the attorney, and not upon the defendant personally, and we will consider them all together. Plaintiff has made the contention that the appeal of the defendant from the justice court was ineffectual, because of a lack of an answer or demurrer at the time of the said appeal, but we find it unnecessary to consider this question. Subdivision 2, § 8377, Rev. Codes 1905, provides that, upon a change

of venue and "upon the receipt by him of such papers, the justice of the peace to which the case is transferred must issue a notice stating when and where the trial will take place, which notice must be served upon the parties at least one day before the time fixed for trial, unless such notice is waived by consent of the parties entered on the docket." It is conceded in this case that the notice was served by registered mail upon an attorney, and not personally upon the defendant. The sufficiency of this service is the vital question in this case. Appellant contends as follows: "The only evidence of service of such notice is the entering in the docket of the justice of the mailing thereof by registered mail to George H. Gjertsen. The record of the justice's docket on appeal does not show that defendant appeared by attorney, and as a matter of fact George H. Gjertsen at no time appeared for the defendant in the justice court. The affidavit for change of venue was tendered for filing in behalf of defendant by her husband; so, as a matter of fact, no service whatever of any kind was ever made upon the defendant or her attorney." It will be noticed that it is not denied that the attorney received the notice in ample time to protect his client's interests. Neither is it denied that the motion for change of venue was signed by said Gjertsen as attorney for defendant, but it is stated that such motion was filed by defendant's husband, and that said Gjertsen was not physically present in the justice's office at any time. We do not consider it material that the attorney did not appear in the justice court and tender his motion to the justice. The fact that the motion was signed by him as an attorney gave the justice ample authority to treat him as defendant's attorney, and he is certainly estopped to deny that relationship at this time. So that it must be conceded that the said notice was duly and regularly served upon defendant's attorney.

However, the statute says that the notice must be served upon the parties, and it is stoutly contended that this requires personal service upon the defendant, and that service upon her attorney will not suffice. In support of this contention we are cited to Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819, wherein it is held that the notice in such cases need not necessarily be served upon the attorney. Section 8348, Rev. Codes 1905, provides that "the provisions of the Code of Civil Procedure shall govern the proceedings in justices' courts as far as applicable, when the mode of procedure is not prescribed by

this Code . . ." Section 7339, Rev. Codes 1905, provides that "when a party shall have an attorney in the action, the service of papers shall be made on the attorney instead of the party. . . ." And § 7340 provides that "the provisions of this chapter shall not apply to the service of a summons or other process or of any paper to bring a party into contempt." It is therefore material to consider whether or not the notice in this case amounts to the dignity of process, so that it, like a summons, must be served upon the parties, and also whether or not the Justice Code, by prescribing that the service must be upon the parties, has excluded service of this particular notice upon the attorney. Upon the first proposition we think there is little doubt. After the defendant had been served with summons and brought into court, the justice had acquired jurisdiction, and upon the transmission of the case to the second justice, the second justice acquired jurisdiction of the defendant. Therefore notice of the time of the trial was not a jurisdictional paper, and we think might be served upon the attorney under the proceedings in district court, if they govern herein.

Whether the Justice Code's provision that this notice must be served upon the parties excludes service upon the attorneys is another and more complicated question. In Richmire v. Andrews & G. Elevator Co. supra, this court says that it is only when the Justice Code is silent upon the proposition that the procedure of the district court applied. However, this exact point was not before the court at that time. They were confronted with the question of the validity of a service made upon the defendant personally, and they held such service valid. Whether they would have held invalid a similar service upon the attorney is another question. Upon the question of service at 32 Cyc. 461, it is said: "Service upon the agent or attorney of defendant, and service by mail, are also regarded as substituted service, although they are usually authorized under more restricted conditions. Such service is usually considered the equivalent of personal service and gives the court jurisdiction over the person of defendant." In Johnston v. Robins, 3 Johns. 440, it was held that the service of a notice by leaving at the dwelling house of the party was to be considered a personal service for every proposition except to bring the party into contempt. This under statute requiring that the notice therein considered should be personal service. In Atchison County v. Challiss, 65 Kan. 179, 69 Pac. 173, the supreme

court of that state was called upon to construe the following statutes relating to service of notice of the pendency of an action, and reads as follows: "Thereupon a summons shall be issued as in other cases and served upon the defendants personally, if residents of the state." And the court says: "We are of the opinion the provision for personal service upon resident defendants contained in the act is in legal effect the same as though it provided 'thereupon a summons shall be issued and served as in other cases upon the defendants, if residents of the state.' It follows that the service made by the sheriff in leaving a copy of the summons at the usual place of residence of the defendants Challiss fulfilled the spirit and intent of the act, and was sufficient personal service to meet the requirements of the law." To the same effect is Abbott v. Abbott, 101 Me. 343, 64 Atl. 615. Those cases are upon different facts than the case at bar, but we think the facts were all the more in appellant's favor than in the case at bar. If "personal service" can be effected by leaving a copy of the summons at defendant's residence, it could be more strongly urged that the serving of an intermediate order upon defendant's attorney met the requirements of our Code that the same was served upon the parties. We have not located any case upon parallel facts with ours, and counsel has not cited any to us. We are of the opinion that the service upon the defendant was in substantial compliance with the law, and that the judgment entered by the second justice was valid. As defendant was in default in the justice court, and as the appeal to the district court was upon questions of law alone, and no pleading was served with the appeal, it must be conceded that the defendant did not ask nor desire a retrial in the district court and had elected to stand upon this one point. Being mistaken on this point, the order of the District Court was correct, and is accordingly affirmed.